**UNITED STATES of America,**

v.

**William TOMPKINS, Defendant.**

No. CR–79–67.

United States District Court, W. D. New York.

June 28, 1982.

Salvatore R. Martoche, U. S. Atty. (David A. Rothenberg, Asst. U. S. Atty., Rochester, N. Y., of counsel), for United States of America.

Bradshaw & Sayers, Rochester, N. Y. (Leslie A. Bradshaw, Rochester, N. Y., of counsel), for defendant.

CURTIN, Chief Judge.

On June 20, 1980, this case was remanded by the United States Court of Appeals for the Second Circuit for a hearing. *United States v. Tompkins*, 623 F.2d 824 (2d Cir. 1980). Upon remand, it was referred to Magistrate Edmund F. Maxwell for a hearing. On October 29, 1981, Magistrate Maxwell filed his report, to which the parties have filed objections with the district court. I have had an opportunity to have oral argument, and I am now ready to rule upon the Magistrate's report.

In his appeal, the defendant claimed that the district court improperly refused to assign counsel to represent him. The United States Circuit Court agreed, stating, "[o]n the record before us, we find scant evidence that Tompkins ever intended to waive his right to counsel." However, the circuit court remanded to the district court "for

the limited purpose of determining whether Tompkins unequivocally elected to waive his right to counsel, or simply attempted to manipulate the court to create a basis for reversal." The hearing before the Magistrate lasted two days, and at least eleven witnesses testified. The Magistrate found "nothing in these facts to conclude that the defendant intended to or did manipulate the court in its denial of assigned counsel or that he unequivocally waived his right to counsel." He recommended the court find that the defendant did not intend to waive his right to counsel.

■ Magistrate Maxwell found that the defendant was a seemingly intelligent and articulate person with at least two years of college education and had extensive involvement with the law. He had represented himself several times in the past and was personally involved in his state court trials. He was successful in some trials and not so successful in others, but the Magistrate found that he had previously done an adequate job of representing himself. The record discloses that in each of those prior proceedings, the defendant was clearly warned of the dangers of proceeding *pro se* and also clearly waived his right to counsel in those cases. Therefore, as the Magistrate found, there was no evidence of any attempt in these prior proceedings that the defendant attempted to manipulate the court or to cause confusion by waiving counsel in one proceeding and then demanding appointment in another. The fact that he had adequately represented himself in prior proceedings does not bear upon the question before the court in this case, that is, whether the defendant attempted to manipulate the court to create a basis for a reversal. As the United States Supreme Court found in *Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), the fact that Mr. Faretta had mastered the intricacies of the hearsay rule and the California code provisions that govern challenges of jurors was not relevant to an assessment of his knowing exercise of his right to defend himself.

■ The government attacks the Magistrate's finding, Magistrate's Report at p. 4, that he did not consider the adequacy of self-representation in a 1975 trial in Monroe County was material to the issue of waiver of counsel in the present proceedings. The government argues that the Magistrate, by this statement, failed to take into account defendant's background on the issue of waiver of counsel. This is taking the Magistrate's statement out of context. It is clear from a reading of the entire Magistrate's report that he took into account all of defendant's background in making his determination. Furthermore, he found that he could not find any similarity of pattern in prior proceedings which indicated that the defendant intended to manipulate the court. *Id.*

After a review of the hearings, the Magistrate's report, and the argument, it is the court's determination that the report of the Magistrate should be affirmed and adopted. In its June 20, 1980 order, the United States Court of Appeals for the Second Circuit retained jurisdiction of the appeal, *see United States v. Hilton*, 521 F.2d 164, 168 (2d Cir. 1975), *cert. denied*, 425 U.S. 939, 96 S.Ct. 1674, 48 L.Ed.2d 181 (1976). Counsel are directed to meet with the Clerk within 10 days of the date of this order to designate those portions of the record which should be forwarded to the United States Court of Appeals.

So ordered.